IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIERRA INTELECTUAL BORINQUEN, INC., | § § § | |
| *Plaintiff,* | § § | Case No. 2:13-CV-44-JRG |
| *v.* | § § | |
| ASUS COMPUTER INTERNATIONAL, Inc. and OFFICEMAX, INC., | § § § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Pantech Wireless Inc.'s ("Pantech" or "Defendant") Motion to Dismiss (Dkt. No. 15), filed July 31, 2013. Pantech argues that Plaintiff Tierra Intelectual Borinquen, Inc. ("TIB") does not, in certain respects, state a claim for which relief may be granted and moves to dismiss portions of Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6) and to strike certain portions of Plaintiff's complaint. For the reasons stated below, the Court finds that the Motion should be and hereby is **DENIED**.

**I. BACKGROUND**

This is a suit for patent infringement under 35 U.S.C. § 271. Plaintiff TIB owns three United States patents relating to user-selected login systems and signatures. These patents are numbered 7,350,078 ("the '078 Patent"), and 7,725,725 ("the '725 Patent"), and 8,429,415 ("the '415 Patent"). Each patent claims a method, process, or device for creating, storing, and/or authenticating user created signatures—for instance, the passcodes used to unlock mobile devices. Defendant sells, among other products, the Pantech Flex mobile phone, a device which allegedly infringes each of the patents-in-suit.

1

The Complaint alleges both induced and contributory infringement. First, it alleges that Defendants deliberately induce patent infringement by instructing users in its user guide to perform the methods claimed by the patents or by encouraging them to use the product covered by the '415 patent. It alleges that Defendants had knowledge of the patents-in-suit at least since the filing of the Complaint. With respect to contributory infringement, the Complaint realleges knowledge and further alleges that components of the Pantech Flex phone, in particular its authentication methods, are a material part of the product and have no substantial noninfringing use.

Pantech argues that TIB fails to state a claim for contributory and induced infringement. First, it argues that TIB has failed to plead plausibly that the accused features of the Pantech Flex phone have no substantial noninfringing uses. Next, Pantech argues that the Complaint does not plead that Defendants had knowledge of the patents-in-suit during the *design* of the accused product, and that such knowledge is necessary to a legally cognizable claim of contributory infringement. It also argues that TIB's induced infringement claims also require pre-suit knowledge of the patent-in-suit, which is not alleged. Finally, it also asks the Court to strike Plaintiff's prayer for enhanced damages under Federal Rule of Civil Procedure 12(f).

## II. LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but the facts pled must, when accepted as true, state a claim for relief that is "plausible on its face," i.e., the facts pled must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). In deciding a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). A court may strike portions of a complaint under Federal Rule of Civil Procedure 12(f) if it is "redundant, immaterial, impertinent, or scandalous."

### III. ANALYSIS

This Court has already ruled dispositively on one of the legal questions presented here, in the context of an identical Plaintiff and a nearly-identical complaint. First, the Court has concluded that pre-suit knowledge is not required to successfully plead contributory infringement, since such a requirement would effectively undermine the distinction between induced and contributory infringement by ensuring that the product was designed with specific intent to infringe the patent. *See Tierra Intelectual Borinquen, Inc. v. Toshiba Am. Info. Sys., Inc.*, No. 2:13-CV-00047-JRG, 2014 WL 605431, at *2-3 (E.D. Tex. Feb. 14, 2014). A party whose product can only be used to infringe a patent is liable for contributory infringement as soon as it learns of the patent and its potential infringement, even if the product was not designed specifically for the purpose of infringement.

The *Toshiba* case also guides the Court on Pantech's argument that TIB has failed to plead sufficient facts to support an inference of no substantial noninfringing uses. In that case, the Court upheld nearly identical language against a similar, albeit differently argued, objection. *See Toshiba*, *supra*, at *2. TIB has accused, not the entire Pantech Flex mobile phone, which no doubt does have substantial noninfringing uses, but rather its "authentication methods," which it

alleges are a material part of the invention with no substantial noninfringing use (Dkt. No. 12, at 15). The Court finds that TIB's allegations as pled are sufficient.

Finally, Pantech argues that induced infringement also requires pre-suit knowledge of the patent-in-suit. The Court has also directly ruled on this issue before. *See InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012). The Court is not persuaded that it should disturb this ruling. A pre-suit knowledge requirement for induced infringement would lead to absurd results. If pre-suit knowledge were required, companies would have carte blanche to induce infringement purposefully provided that they were unaware of the patent prior to suit. Company *X*, who produced Product *Y* that could be used to infringe Patent *Z*, could, on learning of Patent *Z* through a lawsuit, would be free to develop a new advertising campaign: "Product *Y*—use it to infringe Patent *Z*"—without fear of liability for induced infringement. Such a result cannot be the intent of 35 U.S.C. § 271(b).

Pantech argues that the Complaint fails to allege knowledge of the patents-in-suit at the time that Pantech induced the infringement. They are of course correct that they cannot be held liable for induced infringement for conduct occurring prior to its knowledge of the patents-in-suit. However, because TIB has alleged post-suit knowledge, it has properly pled induced infringement with respect to Pantech Flex phones distributed *after* service of the Complaint.

Finally, Pantech asks the Court to strike TIB's prayer for enhanced damages, on the basis that enhanced damages are available only upon a showing of willful infringement. However, reading the Complaint in the light most favorable to the Plaintiff, it is clear that Plaintiff has alleged both the objectively high likelihood of infringement and the mens rea necessary to a

showing of willfulness. As such, TIB has adequately stated a claim that would entitle it to enhanced damages, and it would be inappropriate for the Court to strike TIB's prayer.

## IV. CONCLUSION

In accordance with the reasons set forth above, Defendant's Motion (Dkt. No. 15) is hereby **DENIED**.

**So Ordered and Signed on this**

**Mar 21, 2014**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE